**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

AUGUST ALLEN FOGG,

     Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant - Appellee.

No. 15-5023
(D.C. No. 4:13-CV-00353-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Mr. Fogg applied for disability benefits and supplemental security income

payments, claiming that a chronic disease, seizures, and psychological impairments

prevented him from returning to work. An administrative law judge (ALJ) disagreed.

The ALJ found that, if Mr. Fogg stopped abusing alcohol, he would retain the

residual functional capacity to perform many jobs in the national economy, including

heavy physical labor. The ALJ thus denied Mr. Fogg's claim at the fifth and final

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

step of the sequential process for evaluating disability claims. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (explaining the five-step process). Later, the Appeals Council denied review and a district court affirmed the ALJ's decision.

On appeal, Mr. Fogg advances a single argument: that the ALJ was required as a matter of law to find him disabled because he suffered from severe impairments, was 58 years old, had a tenth-grade education, and lacked relevant work experience. In support of this position, he cites Social Security Ruling 82-63, which provides that claimants of advanced age who have a severe impairment, limited education, and no relevant work experience generally should be considered disabled. SSR 82-63, 1982 WL 31390, at *5 (Jan. 1, 1982); *see also* 20 C.F.R. §§ 404.1562(b), 416.962(b).

The problem is SSR 82-63 doesn't carry quite so far as Mr. Fogg suggests. SSR 82-63 creates a presumption, not a mandate, that older claimants with limited education and work experience and severe impairments should be found disabled. Indeed, SSR 82-63 itself proceeds to explain that "the adjudicative weight to be ascribed" to the claimant's lack of recent and relevant work experience "must be viewed in the context of the substantial numbers of unskilled jobs in the national economy" and "the range of work the individual can do functionally." 1982 WL 31390, at *4. And many of these same considerations appear in Rule 204.00 of the Medical-Vocational Guidelines, which advances a competing presumption. Under that rule, if a claimant is found capable of performing heavy work (and Mr. Fogg admits on appeal that he is capable of heavy work), an ALJ may presume that the

2

claimant is "not disabled, even though age, education, and skill level of prior work experience may be considered adverse." 20 C.F.R. pt. 404, subpt. P, app. 2.

The problem Mr. Fogg faces, then, is that the agency's policies contain competing presumptions — and no mandates — in this area. He does not contest the lawfulness of this arrangement or its consistency with existing statutory or constitutional principles. And given the state of the record in this particular case, we find it hard to fault the ALJ for resolving the competing administrative presumptions as he did. After all, Mr. Fogg's recognition that he is capable of performing heavy work and the ALJ's finding that there are many jobs available in the national economy to someone with Mr. Fogg's characteristics, mean that SSR 82-63's presumption of disability gives way — by its own terms and the terms of Rule 204.00 — to a presumption of employability, just as the ALJ held.

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

3